UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABBOTT LABORATORIES,<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br><br>                Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>                Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

Plaintiff Abbott Laboratories ("Plaintiff" or "Abbott") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and states as follows:

## INTRODUCTION

1. Plaintiff seeks to compel the disclosure of records that were unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS") related to six separate FOIA requests:

    a. A December 20, 2023, request for all records: (1) maintained by the IRS regarding the administrative record of Prop. Treas. Reg. § 1.951A-2, as contained in REG-104390-18, 83 Fed. Reg. 51072 (October 10, 2018); and (2) provided to, prepared by, or distributed within the Department of the Treasury ("Treasury") (including pre-publication records) regarding Prop. Treas. Reg. § 1.951A-2, as contained in REG-104390-18, 83 Fed. Reg. 51072 (October 10, 2018) (the "Prop. Treas. Reg. § 1.951A-2 FOIA Request"). *See* Declaration of Daniel A. Rosen (April [x], 2024) ("Rosen Decl."), Ex. I (Attachment 1 hereto).

    b. A December 20, 2023, request for all records: (1) maintained by the IRS regarding the administrative record of Treas. Reg. § 1.951A-2, as contained in Treasury Decision 9866, 84 Fed. Reg. 29288 (June 21, 2019); and (2) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Treas. Reg. § 1.951A-2, as contained in Treasury Decision 9866, 84 Fed. Reg. 29288 (June 21, 2019) (the "Treas. Reg. § 1.951A-2 FOIA Request"). *See id.*, Ex. IV.

    c. A December 20, 2023, request for all records: (1) maintained by the IRS regarding the administrative record of Prop. Treas. Reg. § 1.482-7, as contained in REG-106359-02, 67 Fed. Reg. 48997 (July 29, 2002); (2) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Prop. Treas. Reg. § 1.482-7, contained in REG-106359-02, 67 Fed. Reg. 48997 (July 29, 2002); (3) maintained by the IRS regarding the administrative record of Treas. Reg. § 1.482-7, as contained in Treasury Decision 9088, 68 Fed. Reg. 51171 (August 26, 2003); (4) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Treas. Reg. § 1.482-7, as contained in Treasury Decision 9088, 68 Fed. Reg. 51171 (August 26, 2003); (5) maintained by the IRS regarding the administrative record of Prop. Treas. Reg. § 1.482-7, as contained in REG-144615-02, 70 Fed. Reg. 51116 (August 29, 2005); (6) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Prop. Treas. Reg. § 1.482-7, as contained in, REG-144615-02, 70 Fed. Reg. 51116 (August 29, 2005); (7) maintained by the IRS regarding the administrative record of Temp. Treas. Reg. § 1.482-7, as contained in Treasury Decision 9441, 74 Fed. Reg. 340 (January 5, 2009); (8) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Temp. Treas. Reg. § 1.482-7, as contained in Treasury Decision 9441, 74 Fed. Reg. 340 (January 5, 2009); (9) maintained by the IRS regarding

the administrative record of Treas. Reg. § 1.482-7, as contained in Treasury Decision 9568, 76 Fed. Reg. 80082 (December 22, 2011); and (10) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Treas. Reg. § 1.482-7, as contained in Treasury Decision 9568, 76 Fed. Reg. 80082 (December 22, 2011) (the "Treas. Reg. § 1.482-7 FOIA Request"). *See id.*, Ex. VII.

        d.      A December 20, 2023, request for all records: (1) maintained by the IRS regarding the administrative record of Prop. Treas. Reg. § 1.482-9, as contained in REG-146893-02 and REG-115037-00, 68 Fed. Reg. 53448 (September 10, 2003); (2) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Prop. Treas. Reg. § 1.482-9, as contained in REG-146893-02 and REG-115037-00, 68 Fed. Reg. 53448 (September 10, 2003); (3) maintained by the IRS regarding the administrative record of Temp. Treas. Reg. § 1.482-9, as contained in Treasury Decision 9278, 71 Fed. Reg. 44466 (August 4, 2006); (4) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Temp. Treas. Reg. § 1.482-9, as contained in Treasury Decision 9278, 71 Fed. Reg. 44466 (August 4, 2006); (5) maintained by the IRS regarding the administrative record of Treas. Reg. § 1.482-9, as contained in Treasury Decision 9456, 74 Fed. Reg. 38830 (August 4, 2009); and (6) provided to, prepared by, or distributed within Treasury (including pre-publication records) regarding Treas. Reg. § 1.482-9, as contained in Treasury Decision 9456, 74 Fed. Reg. 38830 (August 4, 2009) (the "Treas. Reg. § 1.482-9 FOIA Request"). *See id.*, Ex. XI.

        e.      A December 20, 2023, request for all records relating to or referencing the IRS's examination of Plaintiff for the tax year ended December 31, 2011 (the "Audit File FOIA Request (2011)"). *See id.*, Ex. XVI; and

f.   A December 20, 2023, request for all records relating to or referencing the IRS's examination of Plaintiff for the tax year ended December 31, 2019 (the "Audit File FOIA Request (2019)"). *See id.*, Ex. XIX.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff is an Illinois corporation with its principal place of business located in Illinois.

5. Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under the FOIA.

## STATUTORY FRAMEWORK

6. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5. U.S.C. § 552(a)(3)(A).

7. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A). If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's

failure to respond and order the production of any agency records improperly withheld from the requester.  5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

**A.    The General Rulemaking Process for Treas. Reg. § 1.951A-2**

9.    On October 10, 2018, Treasury published proposed regulations under 26 U.S.C. § 951A.  *See* 83 Fed. Reg. 51072.

10.   On June 21, 2019, Treasury published final regulations under 26 U.S.C. § 951A.  *See* T.D. 9866, 84 Fed. Reg. 29288.

**B.    The General Rulemaking Process for Treas. Reg. § 1.482-7**

11.   On July 29, 2002, Treasury published proposed regulations related to the treatment of cost sharing arrangements ("CSA").  *See* 67 Fed. Reg. 48997.

12.   On August 26, 2003, Treasury published final regulations, which included Treas. Reg. § 1.482-7(d)(2),[1] related to the treatment of CSAs.  *See* 68 Fed. Reg. 51171.

13.   On August 29, 2005, Treasury published proposed regulations related to the treatment of CSAs.  *See* 70 Fed. Reg. 51116.

14.   On January 5, 2009, Treasury published temporary regulations related to the treatment of CSAs.  *See* 74 Fed. Reg. 340.

15.   On December 22, 2011, Treasury published final regulations related to the treatment of CSAs.  *See* 76 Fed. Reg. 80082.

**C.    The General Rulemaking Process for Treas. Reg. § 1.482-9**

16.   On September 10, 2003, Treasury published proposed regulations related to the treatment of intercompany services.  *See* 68 Fed. Reg. 53448.

---

[1] These regulations were later redesignated as Treas. Reg. § 1.482-7A(d)(2).

5

17. On August 4, 2006, Treasury published temporary regulations related to the treatment of intercompany services. *See* 71 Fed. Reg. 44466.

18. On August 4, 2009, Treasury published final regulations related to the treatment of intercompany services. *See* 74 Fed. Reg. 38830.

**D.  Tax Year Ended December 31, 2011 Audit**

19. On January 25, 2011, the IRS accepted Abbott's tax year ended December 31, 2011 into the Compliance Assurance Process ("CAP") program.

20. On August 23, 2012, Abbott and the IRS entered into an Issue Resolution Agreement ("IRA") in which the parties agreed that a 2-percent royalty related to the intercompany sale of nutrition products earned by Abbott from its foreign manufacturing affiliate, Abbott Manufacturing Singapore Private Ltd., was arm's length.

21. The IRA also indicated that the agreement would govern Abbott's royalty rate for all "foreign Nutritional manufacturing entities" in future audit cycles, so long as there were no "substantial changes in the Nutrition business segment."

**E.  Tax Year Ended December 31, 2019 Audit**

22. On March 5, 2019, the IRS accepted Abbott's tax year ended December 31, 2019 into the CAP program. Abbott voluntarily withdrew from the CAP program on October 22, 2019.

23. Three years later, on October 27, 2022, the IRS and Abbott had an opening conference for Abbott's tax year ended December 31, 2019. Nine months later, on July 20, 2023, Respondent issued to Abbott a notice of proposed adjustment.

24. On September 29, 2023, the IRS issued to Abbott a notice of deficiency.

### F.  Prop. Treas. Reg. § 1.951A-2 FOIA Request

25.  On December 20, 2023, Plaintiff's counsel submitted to the IRS the Prop. Treas. Reg. § 1.951A-2 FOIA Request on Plaintiff's behalf.  *See* Rosen Decl., Ex. I.  The Prop. Treas. Reg. § 1.951A-2 FOIA Request sought all records maintained by the IRS regarding the administrative record of Prop. Treas. Reg. § 1.951A-2.  This included:

  i.  Notices pertaining to the rulemaking;

  ii.  Public comments and other documents submitted to the agency related to the rulemaking;

  iii.  Hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking;

  iv.  Reports and recommendations of any advisory committees;

  v.  IRS communications (internal or otherwise);

  vi.  Similar instruments; and

  vii.  Any other documents considered by the IRS during the course of the rulemaking.

26.  Plaintiff's Prop. Treas. Reg. § 1.951A-2 FOIA Request also sought all records (including pre-publication records) provided to, prepared by, or distributed within Treasury regarding Prop. Treas. Reg. § 1.951A-2.

27.  Plaintiff's Prop. Treas. Reg. § 1.951A-2 FOIA Request was received by the appropriate IRS component on or around December 20, 2023.

28.  On January 4, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant was unable to meet the 20-working-day statutory deadline to respond to the Prop. Treas. Reg. § 1.951A-2 FOIA Request and claiming a 10-day statutory extension, to February 6, 2024,

to "[s]earch for and, to the extent that records exist, collect requested records from other locations." (the "Defendant's First January 4, 2024 Letter"). *See* Rosen Decl., Ex. II.

29. The Defendant's First January 4, 2024 Letter also indicated that Defendant would "still be unable to respond . . . by the extended statutory response date" and "expect[ed] to provide a final response to [the Prop. Treas. Reg. § 1.951A-2 FOIA Request] by April 9, 2024." *Id.*

30. On April 5, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant needed additional time to "search for records from other locations" and "expect[ed] to provide a final response to [the Prop. Treas. Reg. § 1.951A-2 FOIA Request] by June 25, 2024." (the "Defendant's First April 5, 2024 Letter"). *See* Rosen Decl., Ex. III.

31. To date, Defendant has not responded to Plaintiff's Prop. Treas. Reg. § 1.951A-2 FOIA Request.

32. The statutory deadline for Defendant to respond to Plaintiff's Prop. Treas. Reg. § 1.951A-2 FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

33. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

**G.   Treas. Reg. § 1.951A-2 FOIA Request**

34. On December 20, 2023, Plaintiff's counsel submitted to the IRS the Treas. Reg. § 1.951A-2 FOIA Request on Plaintiff's behalf. *See* Rosen Decl., Ex. IV. The Treas. Reg. § 1.951A-2 FOIA Request sought all records maintained by the IRS regarding the administrative record of Treas. Reg. § 1.951A-2. This included:

    i.   Notices pertaining to the rulemaking;

    ii.  Public comments and other documents submitted to the agency related to the rulemaking;

      iii.      Hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking;

      iv.      Reports and recommendations of any advisory committees;

      v.      IRS communications (internal or otherwise);

      vi.      Similar instruments; and

      vii.      Any other documents considered by the IRS during the course of the rulemaking;

35. Plaintiff's Treas. Reg. § 1.951A-2 FOIA Request also sought all records (including pre-publication records) provided to, prepared by, or distributed within Treasury regarding Treas. Reg. § 1.951A-2.

36. Plaintiff's Treas. Reg. § 1.951A-2 FOIA Request was received by the appropriate IRS component on or around December 20, 2023.

37. On January 4, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant was unable to meet the 20-working-day statutory deadline to respond to the FOIA Request and claimed a 10-day statutory extension, to February 6, 2024, to "[s]earch for and, to the extent that records exist, collect requested records from other locations." (the "Defendant's Second January 4, 2024 Letter"). *See* Rosen Decl., Ex. V.

38. The Defendant's Second January 4, 2024 Letter also indicated that Defendant would "still be unable to respond . . . by the extended statutory response date" and "expect[ed] to provide a final response to [the Treas. Reg. § 1.951A-2 FOIA Request] by April 9, 2024." *Id.*

39. On April 5, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant needed additional time to "search for records from other locations" and "expect[ed] to

provide a final response to [the Treas. Reg. § 1.951A-2 FOIA Request] by June 25, 2024." (the "Defendant's First April 5, 2024 Letter"). *See* Rosen Decl., Ex. VI.

40. To date, Defendant has not responded to Plaintiff's Treas. Reg. § 1.951A-2 FOIA Request.

41. The statutory deadline for Defendant to respond to Plaintiff's Treas. Reg. § 1.951A-2 FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

42. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

**H.    Treas. Reg. § 1.482-7 FOIA Request**

43. On December 20, 2023, Plaintiff's counsel submitted to the IRS the Treas. Reg. § 1.482-7 FOIA Request on Plaintiff's behalf. *See* Rosen Decl., Ex. VII. The Treas. Reg. § 1.482-7 FOIA Request sought all records maintained by the IRS regarding the administrative record of the regulations set forth in paragraph 1(c), *supra*. This included:

    i. Notices pertaining to the rulemaking;

    ii. Public comments and other documents submitted to the agency related to the rulemaking;

    iii. Hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking;

    iv. Reports and recommendations of any advisory committees;

    v. IRS communications (internal or otherwise);

    vi. Similar instruments; and

    vii. Any other documents considered by the IRS during the course of the rulemaking;

44. Plaintiff's Treas. Reg. § 1.482-7 FOIA Request also sought all records (including pre-publication records) provided to, prepared by, or distributed within Treasury regarding the regulations set forth in paragraph 1(c), *supra*.

45. Plaintiff's Treas. Reg. § 1.482-7 FOIA Request was received by the appropriate IRS component on or around December 20, 2023.

46. On December 26, 2023, Defendant sent Plaintiff's counsel a letter indicating that the "initial estimated date of completion for [the Treas. Reg. § 1.482-7 FOIA Request] was January 23, 2024. *See* Rosen Decl., Ex. VIII.

47. On January 23, 2024, Defendant sent Plaintiff's counsel a letter indicating that a separate IRS disclosure officer was assigned to the Treas. Reg. § 1.482-7 FOIA Request, that "no further action" would be taken on a purported contemporaneous, duplicate request, and that the disclosure officer would send a "final response" related to the Treas. Reg. § 1.482-7 FOIA Request. *See* Rosen Decl., Ex. IX.

48. On May 13, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant "need[ed] additional time to obtain and review the records" and would notify Plaintiff in writing if Defendant was "unable to complete [the Treas. Reg. § 1.482-7 FOIA Request] request by September 30, 2024." (the "Defendant's May 13, 2024 Letter").[2] *See* Rosen Decl., Ex. X.

49. To date, Defendant has not responded to Plaintiff's Treas. Reg. § 1.482-7 FOIA Request.

50. The statutory deadline for Defendant to respond to Plaintiff's Treas. Reg. § 1.482-7 FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

---

[2] The Defendant's May 13, 2024 Letter references a January 31, 2024 letter sent by Defendant related to the Treas. Reg. § 1.482-7 FOIA Request. Plaintiff never received the January 31, 2024 letter.

11

51. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

### I. Treas. Reg. § 1.482-9 FOIA Request

52. On December 20, 2023, Plaintiff's counsel submitted to the IRS the Treas. Reg. § 1.482-9 FOIA Request on Plaintiff's behalf. *See* Rosen Decl., Ex. XI. The Treas. Reg. § 1.482-9 FOIA Request sought all records maintained by the IRS regarding the administrative record of the regulations set forth in paragraph 1(d), *supra*. This included:

   i. Notices pertaining to the rulemaking;

   ii. Public comments and other documents submitted to the agency related to the rulemaking;

   iii. Hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking;

   iv. Reports and recommendations of any advisory committees;

   v. IRS communications (internal or otherwise);

   vi. Similar instruments; and

   vii. Any other documents considered by the IRS during the course of the rulemaking;

53. Plaintiff's Treas. Reg. § 1.482-9 FOIA Request also sought all records (including pre-publication records) provided to, prepared by, or distributed within Treasury regarding the regulations set forth in paragraph 1(d), *supra*.

54. Plaintiff's Treas. Reg. § 1.482-9 FOIA Request was received by the appropriate IRS component on or around December 20, 2023.

55. On December 29, 2023, Defendant sent Plaintiff's counsel a letter indicating that the "initial estimated date of completion for [the Treas. Reg. § 1.482-9 FOIA Request] was January 23, 2024. *See* Rosen Decl., Ex. XII.

56. On January 12, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant was unable to meet the 20-working-day statutory deadline to respond to the Treas. Reg. § 1.482-9 FOIA Request and claimed a 10-day statutory extension, to February 6, 2024 (the "Defendant's January 12, 2024 Letter"). *See* Rosen Decl., Ex. XIII.

57. Defendant's January 12, 2024 Letter also indicated that Defendant would "still be unable to respond . . . by the extended statutory response date" and "expect[ed] to provide a final response to [the Treas. Reg. § 1.482-9 FOIA Request] by April 30, 2024." *Id.*

58. On March 13, 2024, Defendant emailed Plaintiff's counsel, requesting that Plaintiff "clarify what you mean by 'administrative file'. Counsel advises that an administrative record does not exist until a challenge to the regulation is filed under the Administrative Procedure Act (APA). If you want to rescope to just the file, we can provide the legal files for both TDs, but an administrative file does not exist, because there is not currently a challenge to the regulations." Rosen Decl., Ex. XIV.

59. On March 25, 2024, Plaintiff's counsel responded: "This FOIA request seeks, among other things, all records 'regarding the administrative record,' regardless of whether the IRS Office of Chief Counsel has yet to assemble those records in repositories or files that it labels the administrative record. As set forth in the FOIA request, all records 'regarding the administrative record' include, but are not limited to, all 'notices pertaining to the rulemaking, public comments and other documents submitted to the agency related to the rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking,

reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the rulemaking.  We expressly decline to limit the FOIA request to the legal files as set forth in your email . . . ."  Rosen Decl., Ex. XIV.

60. On April 24, 2024, Defendant sent Plaintiff's counsel a letter indicating that Defendant would "need additional time to obtain and review the records" and "expect[ed] to provide a final response to [the Treas. Reg. § 1.482-9 FOIA Request] by June 28, 2024.  *See* Rosen Decl., Ex. XV.

61. To date, Defendant has not responded to Plaintiff's Treas. Reg. § 1.482-9 FOIA Request.

62. The statutory deadline for Defendant to respond to Plaintiff's Treas. Reg. § 1.482-9 FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

63. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

**J.    Audit File FOIA Request (2011)**

64. On December 20, 2023, Plaintiff's counsel submitted to the IRS the Audit File FOIA Request (2011) on Plaintiff's behalf.  *See* Rosen Decl., Ex. XVI.  The Audit File FOIA Request (2011) sought all records "relating to or referencing" the examination of Abbott for the tax year ended December 31, 2011.  This included:

> i.    All records the IRS drafted, prepared, exchange, assembled, or received relating to or referencing the examination of Abbott for the tax year ended December 31, 2011;

    ii.    All records constituting the IRS Office of Chief Counsel's legal files related to or referencing the examination of Abbott for the tax year ended December 31, 2011;

    iii.    All records related to or referencing the retention of and/or work performed by any contractors related to or referencing the examination of Abbott for the tax year ended December 31, 2011;

    iv.    All records related to or referencing the IRA, dated August 10, 2012, executed by AJ Shoultz (Abbott, Vice President - Taxes), Fred Savaglio (IRS, International Team Manager), Jon Masunaga (IRS, Senior International Examiner), David C. Oyler (IRS – International Territory Manager), and Maureen Brewer (IRS - Account Coordinator); and

    v.    To the extent not covered by the requests listed above, all records contained in any IRS or IRS Office of Chief Counsel administrative, legal or other files, or otherwise maintained by the IRS or IRS Office of Chief Counsel, related to or referencing the examination of Abbott for the tax year ended December 31, 2011.

65. Plaintiff's Audit File FOIA Request (2011) was received by the appropriate IRS component on December 20, 2023.

66. On December 22, 2023, Defendant sent Plaintiff's counsel a letter, indicating that the "initial estimated date of completion for [the Audit File FOIA Request (2011)] was January 22, 2024. *See* Rosen Decl., Ex. XVII.

67. On January 9, 2024, Defendant sent Plaintiff's counsel a letter indicating that that Defendant was unable to meet the 20-working-day statutory deadline to respond to the Audit File

FOIA Request (2011) and claimed a 10-day statutory extension, to February 5, 2024 (the "Defendant's January 9, 2024 Letter"). *See* Rosen Decl., Ex. XVIII.

68. The Defendant's January 9, 2024 Letter also states that Defendant would "still be unable to respond . . . by the extended statutory response date" and "expect[ed] to provide a final response to [the Audit File FOIA Request (2011)] by November 15, 2024." *Id.*

69. To date, Defendant has not responded to Plaintiff's Audit File FOIA Request (2011).

70. The statutory deadline for Defendant to respond to Plaintiff's Audit File FOIA Request (2011) has expired and Defendant is not entitled to any further, unilateral delay.

71. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

**K.      Audit File FOIA Request (2019)**

72. On December 20, 2023, Plaintiff's counsel submitted to the IRS the Audit File FOIA Request (2019) on Plaintiff's behalf. *See* Rosen Decl., Ex. XIX. The Audit File FOIA Request (2019) sought all records "relating to or referencing" the examination of Abbott for the tax year ended December 31, 2019. This included:

> i. All records the IRS drafted, prepared, exchange, assembled, or received relating to or referencing the examination of Abbott for the tax year ended December 31, 2019, including but not limited to the following items described in the Internal Revenue Manual:
>
> > a. Forms 4318, Examination Workpapers Index, or Forms 4318-OA, Examination Workpapers Index - Office Audit, and supporting records;

      b.     Forms 4318-A, Continuation Sheet for Form 4318, Examination Workpapers Index, and supporting records;

      c.     Administrative and Issue Lead Sheets and Sub-Issue Lead Sheets, supporting workpapers, index systems, pro forma audits, and pro forma interviews;

      d.     Forms 9984, Examining Officer's Activity Record;

      e.     Automated workpapers and reports;

      f.     Forms 3198, Special Handling Notice;

      g.     Forms 3210, Document Transmittal;

      h.     Forms 5346, Examination Information Report;

      i.     Revenue Agent Reports ("RAR")/Examination Reports;

      j.     Forms 4665, Report Transmittal;

      k.     Forms 3963, International Examiner's Report; and

      l.     Special Agents' Reports and Collateral Reports.

ii.    All communications related to or referencing the examination of Abbott for the tax year ended December 31, 2019, including but not limited to any communications involving:

      a.     Isabella Marie Vallone;

      b.     Peter V. Gavas;

      c.     Jeffrey A. Baird;

      d.     Constance R. Tripp;

      e.     Anthony J. Marra;

      f.     Jeffrey S. Silver;

        g.      Karen Willingham;

        h.      Angelica Hernandez;

        i.      Yufang Zhang;

        j.      Elizabeth Patrun;

        k.      Deanna V. Tenofsky; and

        l.      Shah Mobed.

iii.    All records constituting the IRS Office of Chief Counsel's legal files related to or referencing the examination of Abbott for the tax year ended December 31, 2019;

iv.    All records related to or referencing the retention of and/or work performed by any contractors related to or referencing the examination of Abbott for the tax year ended December 31, 2019; and

v.    To the extent not covered by the requests listed above, all records contained in any IRS or IRS Office of Chief Counsel administrative, legal or other files, or otherwise maintained by the IRS or IRS Office of Chief Counsel, related to or referencing the examination of Abbott for the tax year ended December 31, 2019.

71.    Plaintiff's Audit File FOIA Request (2019) was received by the appropriate IRS component on or around December 20, 2023.

72.    On December 26, 2023, Defendant sent Plaintiff's counsel a letter indicating that the "initial estimated date of completion for [the Audit File FOIA Request (2019)] was January 23, 2024." *See* Rosen Decl., Ex. XX.

73. To date, Defendant has not responded to Plaintiff's Audit File FOIA Request (2019).

74. The statutory deadline for Defendant to respond to Plaintiff's Audit File FOIA Request (2019) has expired and Defendant is not entitled to any further, unilateral delay.

75. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION

### Production Under the FOIA

76. Plaintiff asserts and incorporates by reference paragraphs 1-75.

77. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

78. Plaintiff is entitled under the FOIA to access the requested records.

79. Defendant wrongfully withheld the requested records in violation of the FOIA.

80. Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b. Enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. Award Plaintiff its costs and reasonable attorneys' fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

      d.      Grant such other and further relief as the Court may deem just and proper.

Dated:  June 18, 2024

Respectfully submitted,


_____
Vivek A. Patel
Bar No. 1033178
Baker & McKenzie, LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
Phone: 202-835-6124
Fax: 202-416-7124
vivek.patel@bakermckenzie.com